UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMARI CALHOUN,

        Petitioner,         Case Number: 2:11-CV-13565

v.        HONORABLE ARTHUR J. TARNOW

LINDA TRIBLEY,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR SHOW CAUSE, MOTION FOR ORAL ARGUMENTS, AND MOTIONS FOR APPOINTMENT OF COUNSEL

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Imari Calhoun challenges his conviction for assault with intent to cause great bodily harm. Before the Court are Petitioner's Motion for Show Cause, Motion for Oral Arguments, and two Motions for Appointment of Counsel.

In his Motion for Show Cause Petitioner asks the Court to direct Respodnent to show cause why the writ should not issue. The Court issued an Order Requiring Responsive Pleading, directing Respondent to file an answer responding to the allegations in the petition. Respondent has filed a response. Thus, the motion is denied as moot.

Petitioner also has filed a Motion for Oral Argument. A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See e.g. Haskell v. Berghuis*, 695 F.Supp.2d 574, 584 (E.D. Mich. 2010). The Court finds, at this time, that oral argument is not necessary. If, at a later date, the Court determines that oral argument would be beneficial, the Court will schedule oral argument without necessity of the filing of an additional motion.

Finally, Petitioner filed two Motions for Appointment of Counsel.  There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed.  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that a habeas petitioner is not entitled to the appointment of counsel to assist in habeas corpus proceedings); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The Court determines that the interests of justice do not require appointment of counsel at this time.

Accordingly, IT IS ORDERED that Petitioner's Motion for Show Cause [dkt. # 4] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Oral Argument [dkt. # 3] and Motions for Appointment of Counsel [dkt. # 2 and # 17] are DENIED WITHOUT PREJUDICE.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 29, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant