### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IMARI CALHOUN,

                Petitioner,                Case Number: 2:11-CV-13565
                                                  HON. ARTHUR J. TARNOW

v.

LINDA TRIBLEY,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

      Petitioner Imari Calhoun has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  At the time he filed the petition, Petitioner was in the custody of the Michigan Department of Corrections.[1]  Petitioner challenges his conviction for assault with intent to do bodily harm less than murder on the grounds that an insufficient factual basis supported the plea, the plea was involuntary, the trial court lacked jurisdiction, he acted in self-defense, and cumulative error denied him his right to due process.  Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition arguing that some of the claims are untimely, unexhausted, and/or procedurally defaulted and that all of the claims are meritless.  The Court denies

---

[1]  Petitioner has since been discharged from custody.  His discharge does not defeat § 2254's "in custody" requirement because the requirement is satisfied as long as a petitioner was incarcerated at the time a petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

the petition and grants in part and denies in part a certificate of appealability.

## I. Background

Petitioner's conviction arises from the assault of Paul Castonguay in Detroit on December 17, 2006. Castonguay testified at the preliminary examination that, on that date, he was visiting a friend on Rutland Street in Detroit. At approximately 2:30 a.m., Castonguay stepped outside. He was approached by Petitioner, who Castonguay knew lived in the neighborhood. Petitioner asked Castonguay to drive him somewhere, but Castonguay declined. Petitioner continued to pester Castonguay for a ride. Finally, Castonguay asked Petitioner what part of no he did not understand. Castonguay testified that Petitioner then punched him in the face. Castonguay told Petitioner to leave him alone; he did not want to fight. Petitioner held a knife in his hand and lunged at Castonguay. Castonguay attempted to protect himself and the two men fell to the ground. Petitioner stabbed Castonguay three or four times. Castonguay pleaded with Petitioner not to stab him any more. Petitioner lunged at him again. Castonguay was able to flee into the home where he called police. He was transported by ambulance to a hospital where he was treated for multiple stab wounds. Castonguay's injuries were severe. His spleen was removed, and he spent a week in intensive care on a ventilator.

Petitioner was charged in Wayne County Circuit Court with assault with intent to murder and felonious assault. On April 24, 2008, Petitioner pleaded guilty in Wayne County Circuit Court to assault with intent to do great bodily harm less than murder. In exchange for Petitioner's plea, the prosecutor dismissed a charge of assault with intent to

2

murder, assault with a dangerous weapon and a third habitual offender enhancement.  On

May 9, 2008, he was sentenced to five to ten years in prison.

Several months after sentencing, Petitioner filed a motion to withdraw his plea and

for a *Ginther* hearing.  The trial court denied the motion and denied a subsequent motion

for reconsideration.  Petitioner then filed an application for leave to appeal in the

Michigan Court of Appeals.  He raised a single claim:

> This Court must vacate Mr. Calhoun's conviction for assault with intent to
> do great bodily harm less than murder because there is an insufficient
> factual basis for the plea.

The Michigan Court of Appeals denied leave to appeal.  *People v. Calhoun*, No.

299688 (Mich. Ct. App. Sept. 16, 2010).

Petitioner sought leave to appeal in the Michigan Supreme Court.  He raised the

claim raised in the Michigan Court of Appeals and two additional claims: (i) his plea was

involuntary because counsel was ineffective; and (ii) appellate counsel was ineffective in

failing to raise this claim in the Michigan Court of Appeals.  The Michigan Supreme

Court denied leave to appeal.  *People v. Calhoun*, 488 Mich. 1049 (2011).

Petitioner then filed this habeas petition.  He raised claims regarding the

sufficiency of the factual basis for his plea, voluntariness of the plea and ineffective

assistance of counsel.  Respondent filed a motion to dismiss on the ground that the second

claim was not fully exhausted.  The Court found the claims raised in the petition were not

fully exhausted, but, because dismissal of the petition might jeopardize the timeliness of a

future habeas petition, the Court denied the motion to dismiss, and stayed the proceeding.

3

5/18/12 Order (ECF No. 19).

Petitioner filed a motion for relief from judgment in the trial court. He raised these claims: (i) ineffective assistance of appellate counsel; and (ii) plea was rendered involuntary by trial counsel's ineffectiveness. The trial court denied relief from judgment. 9/13/12 Opinion (ECF No. 27-3). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in the trial court motion. The Michigan Court of Appeals denied leave to appeal. *People v. Calhoun*, No. 313107 (Mich. Ct. App. Aug. 22, 2013) (ECF No. 27-4). The Michigan Supreme Court also denied leave to appeal. *People v. Calhoun*, 495 Mich. 903 (Mich. Nov. 23, 2013).

Petitioner then filed a motion to lift the stay in this case and an amended petition. The Court granted the motion and reopened this proceeding. 3/21/14 Order (ECF No. 24). The petition raises these claims:

I.     This Court must vacate the Petitioner's conviction for "assault with intent to do great bodily harm," because there is an insufficient factual basis for the plea that was rendered.

II.    The petitioner was deprived of his constitutional rights of the V, VI, and XIV Amendment of the United States, because of last resort, and distress pleadings in the instant case, when counsel for the petitioner failed to adequately represent him and the case at true crucial stages, and his plea was completely involuntary, where it is clearly requiring withdrawal and/or reversal.

III.   Petitioner should be permitted to withdraw his plea based upon the state court's radical jurisdictional defect, Petitioner's claim of self-defense, and the cumulative effect of errors.

4

## II.  Standard

This habeas petition is reviewed under the exacting standards set forth in the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132,

110 Stat. 1214 (Apr. 24, 1996).  Under AEDPA, a federal court cannot grant habeas relief

with respect to any claim adjudicated on the merits in a state-court proceeding unless the

state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000).  "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

quoting *Williams*, 529 U.S. at 413.  "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted). To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

### A.  Statute of Limitations

Respondent first argues that the claims contained in Petitioner's third claim for habeas relief are barred by the statute of limitations.  The statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition.  *See Smith v. State of Ohio Dept. of Rehabilitation*, 463 F.3d 426, 429, n. 2 (6th Cir. 2006) (*quoting Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006)). Thus, the Court need not resolve the dispute over the timeliness of the habeas application.  Assuming without deciding that the issues raised in Petitioner's third claim are timely, the claims fail on the merits.  *See Ahart v. Bradshaw*, 122 Fed. App'x 188, 192 (6th Cir. 2005).

### B.  Factual Basis for Guilty Plea

Petitioner first argues that the trial court erred in accepting his guilty plea because there was an insufficient factual basis to support his plea.  Specifically, he claims that there was no evidence to support the intent element of assault with intent to do great bodily harm less than murder.  This claim is not cognizable on habeas review.  "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov. 17, 2010), *quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).  Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief.

7

*Bonior*, 416 F. App'x at 478.

## C.  Voluntariness of Plea

Petitioner next argues that his guilty plea was rendered involuntary by counsel's ineffectiveness.  He argues that counsel was ineffective because he failed to investigate the case, was unprepared to call witnesses Reginald Wallace and Michael Johnson who would have bolstered his self-defense claim, essentially abandoned Petitioner, and gave questionable advice to Petitioner.  He argues that if counsel had been performing competently, he would have proceeded to trial and presented a self-defense claim.

Respondent argues that this claim is procedurally defaulted.  "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  *Lambrix*, 520 U.S. at 525.  In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

Petitioner focuses his argument on a change in his representation during the pre-trial period.  He argues that attorney Joshua Chartier abandoned him nine days before trial and that he was, therefore, forced to plead guilty because neither Chartier nor his substitute counsel, Earl Washington, obtained the presence of defense witnesses who would have supported a defense of self-defense or otherwise effectively investigated the

8

case.  The record shows that both attorneys were aware of the potential for a self-defense claim and there is no indication that either attorney was lacking in pre-trial preparation.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases.  *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).  The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id.* at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

Petitioner was represented by attorney Earl Washington at the preliminary examination held on December 10, 2007 (ECF No. 15-2).  On December 17, 2007, he was represented by Joshua Chartier (ECF No. 15-3).  Chartier's representation continued through sometime in February 2008, when Chartier left the State Defender's Office.  *See* 10/5/08 Letter from Joshua Chartier, ECF No. 27-2, Pg. ID 252.  In response to an inquiry from Petitioner's then-attorney, Chartier stated that he prepared an outgoing memorandum upon his departure from the State Defender's Office detailing relevant information about the case, including the names and addresses of potential witnesses.  *Id.*

He attached a copy of the memorandum prepared in Petitioner's case, which lists three potential witnesses, including Reginald Wallace and Michael Johnson. *Id.* at 253.  The memorandum also raises the possibility of a self-defense argument.  *Id.*  The record shows that Earl Washington represented Petitioner after Chartier left the State Defender's Office.  The record does not show when Washington was appointed and Petitioner claims that he was not aware that Chartier had been replaced by Washington until nine days before the date set for trial.  Although Petitioner claims that neither Chartier nor Washington investigated the possibility of presenting a self-defense claim, the record contradicts this argument.  Chartier's memorandum cites witnesses Wallace and Johnson and the possibility of a self-defense claim.  Washington filed a witness list, naming Wallace and Cordell Stafford (Cordell would, the defense believed, testify that, contrary to the victims' testimony, Petitioner and the victim knew each other prior to the assault), showing that he was familiar with the case and potential defenses.  Moreover, Washington had represented Petitioner at the preliminary examination.  Therefore, he was familiar with the victim's testimony.  Based upon this record, the Court finds no indication that either Chartier or Washington abandoned Petitioner or were unprepared for trial.

The Court also finds unpersuasive Petitioner's argument that he was pressured into entering a plea by defense counsel's warnings that if he proceeded to trial and was found guilty, he would be sentenced to a minimum of twenty to thirty years' imprisonment.  In denying Petitioner's motion to withdraw his plea, the trial court held that this assessment

10

of the minimum sentence Petitioner faced had he proceeded to trial was accurate. *See* 5/29/09 Tr. at 4, ECF No. 15-8, Pg. ID 195. Counsel's warning provided Petitioner with accurate information upon which to base his decision whether to plead guilty. The desire to avoid a lengthy sentence does not render a plea involuntary.

### D. Alleged Jurisdictional Defect

Petitioner next argues that a radical jurisdictional defect rendered the trial court without jurisdiction. He bases this claim on alleged deficiencies in the arrest warrant. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). *See also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court.") (internal quotation omitted). Habeas relief is denied on this claim.

11

### E.  Cumulative Effect of Alleged Errors

Finally, Petitioner alleges that he is entitled to habeas relief because the cumulative effect of the alleged errors deprived him of due process of law.  On habeas review, a claim that the cumulative effect of errors rendered a petitioner's trial fundamentally unfair is not cognizable.  *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir.2005)).  Therefore, Petitioner is not entitled to relief on this claim.

### IV.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.* at 336-37.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

12

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that reasonable jurists could debate its resolution of Petitioner's ineffective assistance of counsel claim, but could not debate its denial of Petitioner's remaining claims.  Thus, the Court grants in part and denies in part a COA. The Court grants Petitioner permission to proceed on appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

## V.  Conclusion

For the reasons stated above, the Court DENIES the petition for a writ of habeas corpus.  The Court GRANTS a certificate of appealability on Petitioner's ineffective assistance of counsel claim and DENIES a certificate of appealability with respect to the remaining claims.  Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 12, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 12, 2016, by electronic and/or ordinary mail.


S/Catherine A. Pickles
Judicial Assistant

13